Benjamin P. Tryk
TRYK LAW, P.C.
750 N. Fresno, Ste. 210
Fresno, CA 93720

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| **VICKI BLAKELY, STEVEN LAWSON, CHRISTY MITCHELL, LESLIE WILLIAMS, JAMES ROLLAND, JAYNELLIS SALINAS, KATHLEEN JONES, ANNIE BLUITT, SAMUEL CARTER & KEVIN GREIF, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs**,<br><br>v.<br><br>**SANTANDER CONSUMER USA, INC.,**<br><br>**Defendant.** | Case No.<br><br>**Class Action Complaint** |

## CLASS ACTION COMPLAINT

Plaintiffs Vicki Blakely, Steven Lawson, Christy Mitchell, Leslie Williams, James Rolland, Jaynellis Salinas, Kathleen Jones, Annie Bluitt, Samuel Carter, and Kevin Greif file this complaint, on behalf of themselves and all others similarly situated, because Defendant Santander Consumer USA, Inc., ("Santander") collected unauthorized fees from them and numerous other California consumers. Santander charged these fees in partnership with non-party payment processor Western Union and retained a portion of the fees for itself, in violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"). Santander's unlawful action in charging these fees is already the subject of another case in this Court, Lindblom v. Santander Consumer USA, Inc.,

No. 1:15-CV-00990-LJO-BAM, which is before the Honorable Magistrate Judge Barbara A. McAuliffe. Each of the Plaintiffs have filed a motion to intervene in the <u>Lindblom</u> matter. Should Magistrate Judge McAuliffe allow Plaintiffs to intervene in <u>Lindblom</u>, it would be the first-filed case and this case need not go forward. However, if Plaintiffs' motions to intervene are denied, Plaintiffs intend to press this case as a class action.

## THE PARTIES

1. Plaintiff Vicki Blakely is an adult resident citizen of Sacramento County, California. She purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. She paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

2. Plaintiff Steven Lawson is an adult resident citizen of Los Angeles County, California. He purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. He paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

3. Plaintiff Christy Mitchell is an adult resident citizen of Riverside County, California. She purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. She paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

4. Plaintiff Leslie Williams is an adult resident citizen of Alameda County, California. She purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. She paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

5. Plaintiff James Rolland is an adult resident citizen of Los Angeles County, California. He purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. He paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

6. Plaintiff Jaynellis Salinas is an adult resident citizen of Riverside County, California. She purchased a vehicle through an auto loan that came to be serviced by Defendant Santander.

She paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

7. Plaintiff Kathleen Jones is an adult resident citizen of Sacramento County, California. She purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. She paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

8. Plaintiff Annie Bluitt is an adult resident citizen of San Joaquin County, California. She purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. She paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

9. Plaintiff Samuel Carter is an adult resident citizen of Los Angeles County, California. He purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. He paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

10. Plaintiff Kevin Greif is an adult resident citizen of Sacramento County, California. He purchased a vehicle through an auto loan that came to be serviced by Defendant Santander. He paid on this loan over the phone and was charged the Speedpay fee, which Santander collected.

11. Defendant Santander Consumer USA, Inc., is a corporation existing under the laws of Illinois, with its principal place of business in Dallas, Texas. It is a corporate citizen of Illinois and Texas.

**JURISDICTION AND VENUE**

12. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because these claims form part of a class action in which the amount in controversy exceeds the sum of $5,000,000 and the class contains citizens of different states than the Defendant.

13. Venue is proper in this court under 28. U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims took place in the Eastern District of California.

**FACTUAL BACKGROUND**

Class Action Complaint

14. Plaintiffs are all consumers who purchased vehicles in consumer credit transactions, as defined by the Rosenthal FDCPA codified at Cal. Civ. Code 1788.2.

15. Plaintiffs all financed their purchases with loans that came to be acquired or serviced by Santander. Santander's own records contain all information surrounding the acquisition or servicing of these loans.

16. Under the Rosenthal FDCPA, Santander is a debt collector because it regularly engages in debt collection, on behalf of itself as well as others. Cal. Civ. Code § 1788.2(c).

17. On numerous occasions within the statute of limitations, Plaintiffs attempted to pay their debt through the internet or over the telephone. When they did so, Santander accepted their payments through the services of a third-party payment processor, Western Union. Santander partnered with Western Union in order to collect a large portion of the fees paid for their services and increase its overall profitability.

18. Western Union states on its website, "[o]ur services help you evaluate your payment strategy and find opportunities to help reduce costs, improve efficiency, migrate customers to more profitable payment channels and more." (Id. (emphasis added)). In other words, Santander, with Western Union's help, made more profit by charging the customer for paying online or over the phone and retaining or receiving a portion of that fee.

19. When Plaintiffs attempted to use the telephone or internet to pay on their loan with Santander, Western Union demanded an additional payment, in the form of a fee for using Speedpay. The payment processor collected this money from Plaintiffs and remitted a portion of it back to Santander.

## CLASS ACTION ALLEGATIONS

20. This statewide class action against Santander is maintainable pursuant to Rule 23 of

Class Action Complaint

the Federal Rules of Civil Procedure. Plaintiffs seek to represent the following class against Santander:

> All individuals in the state of California, who, during the applicable limitations period, paid a convenience fee through Western Union's Speedpay service in connection with any consumer loan held and/or serviced by Santander. All employees of the Court and Plaintiff's counsel are excluded from this class.

21. Pursuant to Rule 23(a)(1), the class is so numerous that joinder of all class members is impracticable. Santander claims on its website that it services over two million accounts. A significant number of these customers likely pay over the telephone on a regular basis and reside in California, the most populous state in the nation.

22. Pursuant to Rule 23(a)(2), this case is predominated by one question of law and fact that is common to all members of the class: does charging a fee, not authorized by the contract or any provision of existing law, violate the Rosenthal FDCPA.

23. Pursuant to Rule 23(a)(3), the claims of the named Plaintiffs are typical of those of the class.

24. Pursuant to Rule 23(a)(4), the named Plaintiffs will fairly and adequately represent the interests of the class. The named Plaintiffs have no interests adverse to the interests of absent class members. The named Plaintiffs have hired experienced class action plaintiff lawyers as class counsel, who will diligently and competently represent the interests of the class.

25. Pursuant to Rule 23(b), questions of law and fact common to all class members predominate over any questions affecting only individual class members. The claims of the named Plaintiffs, like those of all the class members, arise out of a common course of conduct by Santander to partner with Western Union to charge illegal fees. Any questions individual to the class members, such as how many times they were charged such fees, can be answered by the Defendants' own records. For this reason, a class action is far superior to other available methods

of adjudicating this controversy. Individual lawsuits would be inefficient and duplicative by comparison.

### COUNT I: VIOLATION OF THE ROSENTHAL FDCPA

26. All previous paragraphs are herein incorporated by reference.

27. The Rosenthal FDCPA applies to Santander because it regularly engages in debt collection as defined by the statute. Cal. Civ. Code § 1788.2.

28. By charging the Speedpay fee, a portion of which it retains, Santander acted in violation of the federal Fair Debt Collection Practices Act, which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. 1692f(1).

29. The plain instruction of § 1692f(1) is that the collection of any amount incidental to the principal obligation, unless expressly authorized by agreement creating the debt or permitted by law, violates the FDCPA. Courts have interpreted the FDCPA broadly. See, e.g., Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989) ("It is clear that Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them."). Accord; Acosta v. Credit Bureau, 2015 U.S. Dist. LEXIS 55870 (N.D. Ill., Apr. 29, 2015). The phrase "permitted by law" means that "a debt collector may not collect any amount if either '(A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent.'" Acosta, 2015 Dist. LEXIS 55870 at *8 (quoting FTC Staff Commentary on the FDCPA, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988).

Class Action Complaint

30. Because Santander violated 15 U.S.C. 1692f(1), it also violated Cal. Civ. Code § 1788.17, which prohibits any entity covered by the Rosenthal FDCPA from violating the federal FDCPA.

**PRAYER FOR RELIEF**

Plaintiffs pray for the following relief:

(A) An order allowing the intervention of the individuals named herein

(B) An order certifying the above-described statewide class pursuant to Fed. R. Civ. P. 23, with notice as applicable to the absent class members

(C) An order appointing Intervenors' counsel as class counsel for the statewide class;

(D) A declaratory ruling that the Defendant has engaged in the practices alleged herein in violation of California law.

(E) Upon a jury verdict, an award of compensatory and statutory damages under the Rosenthal FDCPA

(F) An award of attorneys' fees and costs as authorized by the Rosenthal FDCPA

(G) Such further and different relief as the Court may deem appropriate

**JURY DEMAND**

Intervenors demand trial by struck jury of all issues

/s/ Benjamin P. Tryk
One of the Attorneys for Plaintiffs

OF COUNSEL:
Benjamin P. Tryk
TRYK LAW, P.C.
7050 N. Fresno St. #210
Fresno, CA 93720
Phone: (559) 840-3240
Fax: (888) 528-5570
ben@tryklaw.com

John E. Norris
DAVIS & NORRIS, LLP

Class Action Complaint

2154 Highland Ave. S.
Birmingham, AL 35205
Tel: (205) 930-9900
Fax: (205) 930-9989
fdavis@davisnorris.com
jnorris@davisnorris.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on all counsel of record on May 25, 2018 through the CM/ECF Electronic Filing System of the United States District Court for the Eastern District of California.

                                              /s/ Benjamin P. Tryk
                                              One of the Attorneys for Plaintiffs

Class Action Complaint

Proposed Intervenors' Complaint