| | |
|---|---|
| **MCGUIREWOODS LLP** <br> Jamie D. Wells (SBN 290827) <br> jwells@mcguirewoods.com <br> Anthony Q. Le (SBN 300660) <br> ale@mcguirewoods.com <br> Two Embarcadero Center <br> Suite 1300 <br> San Francisco, CA 94111 <br> Telephone: 415.844.9944 <br> Facsimile: 415.844.9922 <br><br> K. Issac deVyver (*admitted pro hac vice*) <br> kdevyver@mcguirewoods.com <br> Benjamin J. Sitter (SBN 273394) <br> bsitter@mcguirewoods.com <br> Tower Two-Sixty <br> 260 Forbes Avenue <br> Suite 1800 <br> Pittsburgh, PA 15222 <br> Telephone: 412.667.6000 <br> Facsimile: 412.667.6050 <br><br> Attorneys for Defendant <br> Santander Consumer USA Inc. | **TRYK LAW, PC** <br> Benjamin P. Tryk <br> ben@tryklaw.com <br> 7050 N. Fresno St., #210 <br> Fresno, CA 93720 <br><br> **DAVIS & NORRIS, LLP** <br> Wesley W. Barnett <br> wbarnett@davisnorris.com <br> Dargan Ware <br> dware@davisnorris.com <br> 2154 Highland Avenue South <br> Birmingham, AL 35205 <br><br> Attorneys for Plaintiffs |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| VICKI BLAKELY, STEVEN LAWSON, CHRISTY MITCHELL, LESLIE WILLIAMS, JAMES ROLLAND, JAYNELLIS SALINAS, KATHLEEN JONES, ANNIE BLUITT, SAMUEL CARTER, & KEVIN GREIF, on, behalf, of, themselves, and, all, others, similarly, situated, <br><br> Plaintiff, <br><br> vs. <br><br> SANTANDER CONSUMER USA INC., <br><br> Defendant. | CASE NO. 2:18-cv-01647-WBS-EFB <br><br> **CLASS ACTION** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Complaint Filed: June 6, 2018 <br> Answer Filed: November 18, 2019 <br><br> Hon. William B. Shubb <br> Hon. Edmund F. Brennan |

1       This litigation is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business, and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, it appearing that all of the parties consent to entry of this Stipulated Protective Order, and for good cause, it is further **ORDERED AS FOLLOWS**:

      1. All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation, provided, however, that nothing in this Stipulated Protective Order will affect the admissibility in other litigations or judicial proceedings of anything produced in the present matter. Rather, the admissibility of such things in other litigations and judicial proceedings shall be determined by the arbitrator or judge presiding over those proceedings.

      2. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

      3. This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to confidential information.

      4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label, or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party. Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential. No designation of medical records as "CONFIDENTIAL" is necessary for purposes of this order.

1. 5. Oral or transcribed testimony may be designated by any party or third party as "CONFIDENTIAL" either by an oral statement on the record during the deposition, or by providing written notice to all other parties and the court reporter within thirty (30) days following the deposition, hearing, or other proceeding. The following procedures shall apply:

   a. Unless designated earlier as "CONFIDENTIAL" (whether through written notice or an oral statement on the record during the deposition, hearing, or other procedure), all transcripts in this action shall be treated as "CONFIDENTIAL" in their entirety until thirty (30) days following receipt of the final transcript, which period may be extended by agreement of the parties.

   b. If within that thirty (30) day period a party or non-party designates the transcript or portions of the transcript "CONFIDENTIAL" by providing written notice to the other parties and the court reporter, then that designation shall control.

   c. Upon being informed that certain portions of a deposition, hearing, or other proceeding are to be designated as "CONFIDENTIAL," all parties shall immediately cause each copy of the transcript in its possession, custody, or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

   d. The use of material produced and marked as "CONFIDENTIAL" only as an exhibit in a deposition, hearing, or other proceeding shall in no way affect that material's designation.

6. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the parties, their attorneys, witnesses or potential witnesses, and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors, and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert, and persons assisting any expert, whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

1     7. If any party or attorney for any party in this litigation desires to give, show, make available, or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, or a party, such as to a person assisting counsel or to any witness, potential witness, and/or expert witness, the attorney or party shall first give a copy of this Stipulated Protective Order to such person who shall read this Stipulated Protective Order, be fully familiar with its provisions, and execute a written affirmation agreeing to its terms. If the third party refuses to execute a written affirmation, the confidential information shall not be disclosed to the third party.

    8. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. "CONFIDENTIAL" documents produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

    9. The Stipulated Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

    10. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

    11. ~~Subject to the requirements of Local Rule 141 governing requests to seal documents,~~

1  ~~any information or document that has been designated "CONFIDENTIAL" that is filed with the~~
2  ~~Court, or any pleadings, motions, or other papers that disclose any such information, shall be kept~~
3  ~~confidential by the Court and all parties. Within five (5) days of the filing of any confidential~~
4  ~~document under seal, the party filing the sealed document shall file a redacted copy of the sealed~~
5  ~~document. The redactions shall be narrowly tailored to protect only the information that is~~
6  ~~confidential or was deemed confidential.~~

Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any confidential material. Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific confidential material at issue. However, the designation of material as confidential, without more, is insufficient to obtain a sealing order. Any party that seeks to file confidential material under seal must comply with Local Rule 141, which governs motions for a sealing order. As provided in Local Rule 141, a sealing order will issue only upon a request establishing that the confidential material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. Further, the briefing on the motion for a sealing order shall address U.S. Supreme Court and Ninth Circuit standards for whether the material may be filed under seal. Regardless of which party files the motion for a sealing order, the party that designated the material as confidential shall file a brief addressing those standards, and shall have the burden of establishing that the confidential material should be filed but not made publicly available.

12. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts, or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Stipulated Protective Order or any other order of the Court. Further, at the conclusion of all litigation and litigation initiated by Plaintiffs' counsel against Defendant Santander Consumer USA, Inc. on behalf of clients previously identified, or three years after the completion of this litigation, whichever is later, all documents designated as

1 "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall
2 be returned to the party producing it or destroyed.

3     13.    This Stipulated Protective Order is intended to provide a mechanism for the handling
4 of confidential documents and information. It is not intended by the parties to act as a waiver of
5 the right to object to any disclosure of information or production of any documents they deem
6 confidential on any grounds they may deem appropriate, including, without limitation,
7 confidentiality, relevance, or privilege. Further, the provisions of this Stipulated Protective Order
8 shall not affect the admissibility of evidence at the litigation hearing or any preliminary evidentiary
9 proceeding, except as directed by a separate order entered for good cause shown.

10     14.    Nothing in this Stipulated Protective Order shall preclude any of the parties from
11 otherwise seeking a modification of this Stipulated Protective Order.

Done this 7th day of January, 2020.

**AGREED TO BY:**

Dated: January 7, 2020            Respectfully submitted,

                                          **MCGUIREWOODS LLP**

                                          By:  */s/ Anthony Q. Le*
                                                  Anthony Q. Le

                                                  Attorneys for Defendant
                                                  Santander Consumer USA, Inc.

23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

Dated: January 7, 2020     Respectfully submitted,

**DAVIS & NORRIS, LLP**

By: */s/ Wesley W. Barnett*
    Wesley W. Barnett

    Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated:  January 16, 2020.                            _____
                                                     U.S. MAGISTRATE JUDGE